UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JAMES FARON BANARD JACKSON                                PLAINTIFF

v.                                                     CIVIL ACTION NO. 3:18CV-P88-CRS

HARDIN COUNTY DRUG TASK FORCE DEA *et al.*                 DEFENDANTS

## MEMORANDUM OPINION

This matter is before the Court on initial review of Plaintiff James Faron Banard Jackson's *pro se* complaint (DN 1) and amended complaints (DNs 7 & 11) pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the action will be dismissed.

### I. SUMMARY OF CLAIMS

#### A. *Complaint (DN 1)*

Plaintiff, a convicted inmate incarcerated in the Hardin County Detention Center (HCDC), initiated this action by filing two motions "To File Criminal Charges Of Conspiracy Of Attempted Murder" (DN 1), which were docketed collectively as the complaint. In the first motion, Plaintiff seeks "to file criminal charges against the Drug Enforcement Agency Hardin County Greater Narcotics Unit Drug Task Force for entrapment to conspiracy of attempted murder and still today 02-06-2018 attempting to murder me at the [HCDC] in a huge arsenic conspiracy of paranoia."

In the second motion, Plaintiff indicates that he wants criminal charges brought against the following entities/person: (1) Drug Enforcement Agency Hardin County Greater Narcotics Unit Drug Task Force; (2) Elizabethtown Police Department; (3) HCDC; (4) Southern Health Partners (SHP); (5) Joe Lynn Jackson, Sr., who Plaintiff identifies as his father and retired Elizabethtown Police Department Lieutenant and retired Hardin County Sheriff's Deputy; (6) the

Commonwealth of Kentucky; and (7) the "Ky. D.O.C.," presumably the Kentucky Department of Corrections (KDOC). He seeks criminal charges against the foregoing Defendants based on the following:

> a huge arsenic conspiracy of paranoia to murder me while incarcerated at . . . the [HCDC] where they conspire with other inmates offering them their freedom to help subject drugs and poisons on me primairly chromium copper arsenate (arsenic) to kill me so a large sum of life insurance can be collected upon my death and to frame me for murders law enforcement here Hardin County Drug Task Force, Elizabethtown Police covered up here and possibly others in surrounding counties, all to match a letter my father wrote[1] 02-28-2014 that sets me up to look so I am suicidal, homicidal etcetera.

Plaintiff claims that the letter written by his father is a lie and that medical records from HCDC from January 9, 2014, to July 18, 2014, "clearly show malice and criminal intent to cause permanant damage and or death to me here then say I overdosed on drugs, committed suicide, heart attack (paranoid schizophrenic) which I am not." He further claims that he has "information to solve cold case murders missing persons etc. that they plan to say I committed by having another inmate to write a letter to someone somewhere after I am dead if so they do succeed." He continues, "bring me forth and you will know what I say is nothing but the truth. I was drugged in 2014 with four drugs in hole here where I am at today entrapped then did the time tortured entrapped again by DEA famil[y] and friends being drugged and poisoned again."

---

[1] Plaintiff attaches an alleged copy (handwritten by Plaintiff) of his father's letter. The letter indicates that Plaintiff has "a non malignant tumor on his brain . . . . [that] causes him to have severe headaches"; that Plaintiff's doctor prescribed pain pills that "led to an accidental addiction and affected him both mentally and physically"; that Plaintiff is "paranoid of everything and everybody"; that Plaintiff has threatened suicide and conveyed other destructive threats"; and that Plaintiff's father had "attempted to get [Plaintiff] help by means of a mental warrant, but Communicare did not commit him for treatment." Plaintiff claims this letter is being used to set him up by "trying to kill [him] to match this letter using drugs and poisons such as arsenic." Plaintiff claims that this is all part of his father's plan to kill him like his father allegedly killed Plaintiff's mother in 1992, and he claims that his two brothers and others have committed murders that they want to set Plaintiff up for committing.

Plaintiff claims that he was arrested and "entrapped" in HCDC on December 3, 2017, "by a girl they used to do so . . . the same type entrapment in 2013 (2014) by another female . . . [who] conspired with Meade County Drug Task Force." Finally, he contends that medical records and his "court records of 2013 circuit court completely concur and clearly will show conspiracy to murder me."

### B. First Amended Complaint (DN 7)

Plaintiff filed the first amended complaint on a form for filing a complaint pursuant to 42 U.S.C. § 1983. As Defendants, Plaintiff names (1) the "Hardin County Greater Narcotics Unit Drug Task Force DEA"; (2) Joe Lynn Jackson, Sr., his father, in his individual and official capacities; and the following Detectives on the Hardin County Drug Task Force in their official capacities: (3) Clinton Turner; (4) Jonathon Curl; (5) Robert Green; and (6) Pete Chitla.

Plaintiff makes many of the same claims he made in his complaint. For instance, he claims that unspecified persons are "Drugging me refusing me my medical records." He further claims:

> This is huge town government entrapment arsenic conspiracy of paranoia to entrap me into [HCDC] and [KDOC] where in 2014 . . . I was entrapped into jail and prison by a girl I was dating . . . and now again 12-03-2017 by another girl I was dating . . . to get me here to kill me say I committed murders and numerous other criminal acts that others committed.

Plaintiff alleges that his two girlfriends, members of his family, and numerous "so called friends have been trying for some time to set me up to have murder weapons in my possession, to also make it look so I have been making and selling drugs meth, spice, heroin, etc. . . ." He claims that he has tried to report murders and other criminal acts but that law enforcement officers "run from me and ignore me."

3

On the form, Plaintiff also references Hardin County District Court Case No. 17-M-01019 and Circuit Court Case No. 14-CR-00024.

As relief, Plaintiff requests monetary and punitive damages and the filing of "criminal charges attempted murder conspiracy."

### C. Second Amended Complaint (DN 11)

Plaintiff filed his second amended complaint also on a § 1983 complaint form. As Defendants he names (1) HCDC Jailer Danny Allen in his individual and official capacities; (2) Joe Lynn Jackson, Sr., Plaintiff's father, in his individual capacity; (3) SHP "Medical Staff"; (4) SHP Psychiatric Nurse Lisa Jenkins in her individual and official capacities; (5) HCDC Lt. Jamie Motter in his/her individual and official capacities; and (6) HCDC Lt. Robert Reynolds in his individual and official capacities.

In the second amended complaint, Plaintiff raises the same criminal conspiracy claims as alleged in the prior pleadings. He additionally claims, "Staff here of officers and medical espescially psychiatric nurse Lisa Jenkins conspire with other inmates to assist them along with their attorneys to get them their freedom in court deal, parole." Further, he alleges that he is "refused records and medical treatment" and does "not get privilege to go to church, have recreation, use the phone, order canteen, on my daily hour out because I am under protective custody." He also indicates, "I want criminal charges brought against Jailer Danny Allen and this facility for conspiracy of attempted murder before it is too late." Finally, Plaintiff claims that "[t]hey here are charging me for prescriptions I do not take all to match letter."

As relief, Plaintiff again requests monetary and punitive damages and the filing of "criminal charges conspiracy attempted murder."

## II.  LEGAL STANDARD

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007).  Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).  "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will

not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### III. ANALYSIS

#### A. *Initiation of Criminal Charges*

"It is well settled that the question of whether and when prosecution is to be instituted is within the discretion of the Attorney General." *Powell v. Katzenbach*, 359 F.2d 234, 235 (D.C. Cir. 1965). Only federal prosecutors, and not private citizens, have authority to initiate federal criminal charges. *See Sahagian v. Dickey*, 646 F. Supp. 1502, 1506 (W.D. Wis. 1986); *see also United States v. Nixon*, 418 U.S. 683, 693 (1974) ("Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case."); *Saro v. Brown*, 11 F. App'x 387, 388 (6th Cir. 2001) ("A private citizen has no authority to initiate a federal criminal prosecution; that power is vested exclusively in the executive branch."). Further, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Accordingly, Plaintiff's requests to file criminal charges against Defendants will be dismissed as frivolous.

#### B. *Civil Claims for Damages*

Plaintiff alleges a vast conspiracy by numerous law enforcement agencies and officers, HCDC and its officers, the KDOC, SHP's medical staff, his father, his brothers, his girlfriends, and other "so called friends" to fabricate a brain tumor/drug addiction/paranoia/suicidal and homicidal ideations, among other issues, and to poison/drug him all for the purposes of killing him and framing him for murders and other crimes committed by others.

6

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

Here, the majority of Plaintiff's complaint and amended complaints contains repetitive, sweeping allegations of "a huge arsenic conspiracy of paranoia" to murder and frame him against numerous Defendants and other persons and fails to allege specific details of how each of the named Defendants acted to violate his federally protected rights. The complaint and amendments do not contain well-pleaded facts against Defendants and do not suggest more than a sheer possibility of unlawful conduct. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555; *see also Spadafore v. Gardner*, 330 F.3d 849, 854 (6th Cir. 2003) ("'It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983.'") (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987)).

For these reasons, Plaintiff's complaint and amended complaints seeking civil relief will be dismissed for failure to state a claim upon which relief may be granted.

Further, to the extent Plaintiff is alleging that this conspiracy resulted in a state criminal conviction(s), his claims are barred by the *Heck* doctrine. *Heck v. Humphrey*, 512 U.S. 477, 484 (1994) (recognizing that any civil-rights claim which would necessarily call into question the validity of a criminal conviction is not cognizable until that conviction is reversed or otherwise vacated).

Finally, Plaintiff also raises claims concerning the conditions of his confinement while at HCDC for a few months in 2014 and since December 3, 2017. The claims arising in 2014 are time-barred by the applicable one-year statute of limitations. *See Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990) ("[S]ection 1983 actions in Kentucky are limited by the one-year statute of limitations found in [KRS] section 413.140(1)(a)."). While the sparse claims alleged since December 2017 (*i.e.*, denial of medical records and conditions in protective custody) are timely, they lack the factual specificity, including any indication of who was/is involved, needed to state a claim upon which relief may be granted. The claims regarding his conditions of confinement at HCDC will also be dismissed.

For the foregoing reasons, the Court will enter a separate Order dismissing this action.

Date: April 3, 2018

**Charles R. Simpson III, Senior Judge**
**United States District Court**

cc: Plaintiff, *pro se*
4411.005

8